# KRAMER & CONNOLLY

AV-RATED LITIGATION ATTORNEYS

Irwin R. Kramer
ATTORNEY AT LAW

WRITER'S DIRECT E-MAIL
irk@KramersLaw.com

If there is a problem with transmission or if all pages are not received,
please call (410) 581-0070 for retransmission.

| | | | |
|---|---|---|---|
| TO: | Maurice B. VerStandig | FAX NO.: | (301) 444-4600 |
| FROM: | Irwin R. Kramer | DATE: | October 29, 2021 |
| RE: | M. Arnold Politzer re Xin Tao [BHPI Deposition]<br>Our File No. | | |

Number of pages including this cover page: 6

This message is intended only for the use of the person or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If you are not the intended recipient, or the person responsible for delivering this facsimile to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy.

Mac:

It was a pleasure speaking with you this afternoon.

Attached please find my October 28, 2021 email correspondence with attachment of the Waiver of Attorney-Client Privilege.

Irwin R. Kramer

| | |
|---|---|
| **From:** | Irwin R. Kramer |
| **To:** | Maurice B. VerStandig (mac@dcbankruptcy.com) |
| **Subject:** | In re Baltimore Harlem Park Investment, LLC, Bankruptcy Case No. 21-249-ELG |
| **Date:** | Wednesday, October 27, 2021 4:17:00 PM |
| **Attachments:** | waiver of attorney-client privilege.pdf |
| **Importance:** | High |

Dear Mr. VerStandig:

Having been retained as counsel for M. Arnold Politzer, Esquire, I look forward to working with you to ensure that you receive the information and documentation you need in the above-referenced matter.

To eliminate issues which may otherwise limit Mr. Politzer's ability to answer questions or to produce certain documents, I have attached a Waiver of Attorney-Client Privilege for Ms. Xin Tao's approval. Although my client and I are not available for deposition on November 3, 2021, please provide me with a few possible days/times on which we may reschedule. This will also provide us with sufficient time to produce records responsive to your request.

I thank you in advance for your cooperation in this matter.

Irwin

**Irwin R. Kramer**
Managing Attorney
**KRAMER & CONNOLLY**
**466 Main Street**
**Reisterstown, MD 21136**
**410.581.0070 x16**
**410.581.1524** Fax

AttorneyGrievances.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| BALTIMORE HARLEM PARK INVESTMENT, LLC | * | Case No. 21-249-ELG (Chapter 11) |
| | * | |
| Debtor. | * | |

* * * * * * * * * * * * * * * * * * * *

**XIN TAO'S WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

WHEREAS M. Arnold Politzer, Esquire has been served with a subpoena to produce certain documents and to testify in the above-captioned action;

WHEREAS the subpoena requests M. Arnold Politzer, Esquire to produce documents pertaining to his representation of Xin Tao which relate to transactions involving the Debtor, Baltimore Harlem Park Investment, LLC ("BHPI");

WHEREAS the subpoena requests M. Arnold Politzer, Esquire to personally appear and to testify to information and to communications pertaining to his representation of Xin Tao and to transactions involving BHPI;

WHEREAS many of the records requested include confidential communications between M. Arnold Politzer, Esquire and Xin Tao which are otherwise precluded from disclosure pursuant to the attorney-client privilege;

WHEREAS the subpoenas in this case were issued by BHPI and not by Xin Tao;

WHEREAS Xin Tao has no objection to her former counsel's production of otherwise privileged information, documentation and communications; and

WHEREAS Xin Tao has no objection to her former counsel's testifying to otherwise privileged information, documentation and communications;

NOW THEREFORE, Xin Tao hereby waives any attorney-client privilege which may apply to her communications, dealings or interactions with M. Arnold Politzer, Esquire which may be divulged in the production of documents or in testimony during the course of discovery, depositions, or other proceedings, including trial, in the above-captioned action or in any action or proceedings pertaining to BHPI, Xin Tao, Ruby Jude City, LLC, ZTY Investment LLC, Haiyi Huang, Pinehills Properties, LLC, William Weiss, Premiere Realty, LLC, and any other person, firm, corporation or entity.

Having been advised by counsel on the scope of any attorney-client privilege which may protect such information, documentation, and communications from disclosure by M. Arnold Politzer, Esquire, Xin Tao makes a knowing and intelligent waiver of any such privilege and hereby authorizes M. Arnold Politzer to:

A. Testify to his communications with Xin Tao in which he reviewed the risks involved in entering into transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County;

B. Produce documents in which he reviewed the risks involved in entering into transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County;

C. Testify to his communications with Xin Tao in which he advised her to refrain from entering into transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County;

D. Produce documents in which he advised her to refrain from entering into transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case

No. 482027V, in the Circuit Court for Montgomery County;

E. Produce documents relating to the financial records of BHPI, including, without limitation, BHPI's balance sheet, statement of operations, cash flow statement, income tax returns, and other books and records relating to the finances and transactions of that entity or of Xin Tao which relate to that entity or to transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County;

F. Testify to information relating to the financial records of BHPI, including, without limitation, BHPI's balance sheet, statement of operations, cash flow statement, income tax returns, and other books and records relating to the finances and transactions of that entity or of Xin Tao which relate to that entity or to transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County; and

G. Produce documents or provide testimony in response to any other requests propounded or questions raised in the above-captioned action or which pertain to transactions which are more fully described in *ZTY Investment LLC v. Haiyi Huang, et al.*, Case No. 482027V, in the Circuit Court for Montgomery County.

In waiving any attorney-client privilege that may apply to my communications, whether oral or written, with M. Arnold Politzer, or to the advice or recommendations which he made to me during the course of his representation, I, Xin Tao, have been advised by my current counsel that the information and documentation which may be divulged may contradict my October 7, 2021 Affidavit in the above-captioned action, may be contrary to my interests in these

proceedings or in any pending or future litigation, and may adversely affect my right to the relief requested in any action.

Certifying that I am fully fluent in the English language, have read each word of this Waiver of Attorney-Client Privilege, and have reviewed all of the terms of this Waiver with my current counsel, I HEREBY:

1. Waive any attorney-client privilege which may apply to communications, information and documentation arising during the course of services provided to me or to any person, firm or entity to which I am associated by M. Arnold Politzer, Esquire;

2. Expressly permit M. Arnold Politzer to produce and/or testify to information and documentation pertaining to his representation of me or of any person, firm or entity to which I am associated; and

3. Shall not object to M. Arnold Politzer's production and/or testimony on information and documentation pertaining to his representation of me or of any person, firm or entity to which I am associated.

WITNESS MY HAND AND SEAL this ____ day of ________________, 2021 by:

_________________________[SEAL]
Xin Tao