The order below is hereby signed.

Signed: April 24 2023

Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 21-249-ELG |
| | ) | Case No. 21-254-ELG |
| BALTIMORE HARLEM PARK | ) | (Jointly Administered) |
| INVESTMENT, LLC | ) | |
| | ) | (Chapter 11) |
| and | ) | |
| | ) | |
| RUBY JUDE CITY LLC | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER CONFIRMING THIRD AMENDED BALTIMORE HARLEM PARK INVESTMENT, LLC AND RUBY JUDE CITY LLC CONSOLIDATED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11**

Upon consideration of the Third Amended Baltimore Harlem Park Investment, LLC and Ruby Jude City LLC Consolidated Plan of Reorganization for Small Business Under Chapter 11 (the “Plan,” as found at DE #157), the opposition thereto by Haiyi “Nina” Huang and ZTY Investment LLC, the evidence adduced at hearings on March 22, 2023 and April 13, 2023, the arguments of Baltimore Harlem Park Investment, LLC and Ruby Jude City LLC (collectively, the

"Debtors") in support of the Plan, governing authority, and the record herein, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Plan be, and hereby is, CONFIRMED subject to the alterations set forth herein; and it is further

ORDERED, that the final paragraph of Section 7.02 of the Plan be, and hereby is, STRICKEN; and it is further

ORDERED, that the words "The Subchapter V trustee," together with the comma appended to the word "trustee," in Section 8.10 of the Plan be, and hereby are, STRICKEN; and it is further

ORDERED, that section (a) of the prefatory portion of the Plan, commencing on page 1 and continuing through page 3, bearing the label "Description and History of the Debtors' Business," shall not create any binding obligation upon any party to these proceedings, with it being the express intent of this Honorable Court that the provisions of that particular section shall not have any estoppel impact nor shall they invite invocation of the doctrine of *res judicata*; and it is further

ORDERED, that Section 8.09 of the Plan be, and hereby is, STRICKEN, and replaced with the following language:

> "**Section 8.09 Retention of Jurisdiction.** The United States Bankruptcy Court for the District of Columbia shall retain jurisdiction of this Chapter 11 case to issue orders necessary to the consummation of the Plan; to determine the allowance of compensation and expenses of professionals; to determine any and all adversary proceedings, applications and contested matters; to determine issues or disputes relating to the assumption of executory contracts and any claims related thereto; to determine disputes as to classification or allowance of claims or interests; to issue such orders in aid of execution of this Plan to the extent authorized by § 1142 of the Bankruptcy Code; to enforce the provisions of the Plan; to recover all assets of the Debtors and property of the Debtors' estates, wherever located; to resolve any dispute between or among any of the parties to this bankruptcy proceeding, to determine other such matters as may be set forth in a confirmation order or as may

> be authorized under the provisions of the Bankruptcy Code; to enter a final decree closing the bankruptcy case; and to correct any defect, cure any omission or reconcile any inconsistency in this Plan or confirmation order, and to take any action or make any ruling as may be necessary to carry out the purpose and intent of this Plan."

and it is further

ORDERED, that the words "The claims of Ms. Huang and ZTY shall be regarded as claims based on loans made by Ms. Huang and ZTY, for all purposes," together with the period appended to the word "purposes," in Article 4 of the Plan, be, and hereby are, STRICKEN; and it is further

ORDERED, that within fourteen days of the date on which this Order is entered, the Debtors shall file an objection to the claims of Haiyi "Nina" Huang and ZTY Investment LLC, so as to create a mechanism through which said claims may be classified as debt, equity, or some combination thereof; and it is further

ORDERED, that no claims, excepting allowed priority claims and allowed administrative claims, shall be paid under the Plan until such a time as the aforementioned objection to the claims of Haiyi "Nina" Huang and ZTY Investment LLC is adjudicated.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtors*

Seen:

/s/ Lawrence A. Katz (signed w/ express permission)
Lawrence A. Katz, Esq.
Hirschler
1676 International Drive
Suite 1350
Tysons, Virginia 22102
*Subchapter V Trustee*

/s/ Michael T. Freeman (signed w/ express permission)
Michael T. Freeman, Esq.
Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, Virginia 22314
*Assistant United States Trustee*

Seen and Objected:

/s/ Larry Kirsch (signed w/ express permission)
Larry Kirsch, Esq.
Law Offices of Larry Kirsch
1803 Research Blvd, Suite 215
Rockville, Maryland 20850
*Counsel for Ms. Huang and ZTY Investment LLC*