Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Baltimore Harlem Park Investment, LLC and for Ruby Jude City LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 21-249-ELG |
| | ) | Case No. 21-254-ELG |
| BALTIMORE HARLEM PARK INVESTMENT, LLC | ) | (Jointly Administered) |
| | ) | (Chapter 11) |
| and | ) | |
| RUBY JUDE CITY LLC | ) | |
| Debtors. | ) | |

**<u>OBJECTION TO CLAIMS OF ZTY INVESTMENT, LLC AND HAIYI HUANG</u>**

Come now Baltimore Harlem Park Investment, LLC ("BHPI") and Ruby Jude City LLC ("RJC") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and as and for their objection to the claims of ZTY Investment, LLC ("ZTY") and Haiyi Huang ("Ms. Huang") (the subject claims being known as the "Claims," and being found at entries 1 and 2 in the claims register) state as follows:

## I. Introduction

ZTY and Ms. Huang have each filed a claim for $250,000.00 – in substantially identical form – and therein indicated, *inter alia*, that such claim is for "money loaned or equitable contribution…" This is an improper form of claim in a bankruptcy proceeding, with the claimants

instead being required to assert that the Debtors' putative obligation is *either* for monies due and owing (a proof of claim) *or* for an equity interest (a proof of interest). This objection is filed not to dispute the existence of a relationship between and amongst the parties but, rather, in an effort to compel the claimants to clarify whether they assert a proof of claim or a proof of interest.

**II. Standard**

Title 11 of the United States Code (the "Bankruptcy Code") permits creditors – and other parties in interest – to object to claims filed in any given case. 11 U.S.C. § 502(a). Once an objection is posited, a claim is to be allowed "except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured…" 11 U.S.C. § 502(b).

As noted by the United States Bankruptcy Court for the District of Maryland, in assessing the standard by which claim objections are to be considered:

> While a properly executed claim does shift the burden of producing evidence to the objector, the burden of persuasion remains at all times with the claimant. At no time does the objector assume the burden of disproving the claim.
>
> ... [T]he objector must present "some evidence" contradicting the proof of claim, whereupon the bankruptcy judge must weigh the evidence presented by the objector against the proof of claim, which itself retains some weight as evidence, and any evidence presented by the claimant. After weighing the evidence, the judge must make a finding of fact as to the validity and amount of the claim.

*In re McGee*, 258 B.R. 139, 147–48 (Bankr. D. Md. 2001) (quoting *In re Friedman, Receiver*, 436 F. Supp. 234 (D. Md. 1977) (citing *Whitney v. Dresser*, 200 U.S. 532, 535 (1906); *In re Pringle Engineering & Mfg.*, 164 F.2d 299 (7th Cir. 1947); *In re Sabre Shipping Corp.*, 299 F. Supp. 97 (S.D. N.Y. 1969); 3 Collier § 57.18(5); *In re Hannevig*, 10 F.2d 941, 942 (2d Cir. 1925); *In re Bradley*, 16 F.2d 301, 302 (S.D. N.Y. 1926); 3 Collier § 57.13, at 225)).

## III. Argument

Quite plainly, Ms. Huang and ZTY need to determine if they are asserting a debt to be owed to them, and to be thusly compensable from the Debtors' estates, or if they are asserting an equity interest in one or both of the Debtors and to be thusly entitled to collect monies as part of any equity distribution. Under the terms of the confirmed plan of reorganization *sub judice*, the claimants will receive money either way; the amount they receive – and its *pari passu* allocation with other interested parties – is, however, subject to palpable adjustment based on the nature of the claims being asserted.

The Federal Rules of Bankruptcy Procedure expressly allow for interposing an objection to claims if "they are interests, rather than claims…" Fed. R. Bankr. P. 3007(d)(7). And the Bankruptcy Code is equally express in differentiating between claims and interests: "A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C. § 501(a).

The current Claims are ambiguous as to whether they are, in fact, claims (as titularly suggested by the form on which they are imprinted) or interests. This ambiguity materially impacts substantial consummation of the confirmed plan herein, as it prevents the disbursing agent from ascertaining whether the asserted interest shall be paid alongside other creditor claims (and thusly subsume the majority of the monies to be distributed) or pro rata with equity interests (and thusly receive a minority of the monies to be distributed).

## IV. Conclusion

WHEREFORE, the Debtors respectfully prays this Honorable Court (i) sustain this objection; (ii) make findings of fact, and conclusions of law, as to whether Ms. Huang and ZTY

are the holders of claims or the holders of interests; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 5, 2023 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies also being sent via US Mail, postage prepaid, to:

Larry H. Kirsch, Esquire
1803 Research Blvd., Suite 215
Rockville, Maryland 20850

/s/ Maurice B. VerStandig
Maurice B. VerStandig