The order below is hereby signed.

Signed: September 28 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| In re: | Case No. 21-00249-ELG |
|---|---|
| **Baltimore Harlem Park Investment LLC,** Debtor. | Chapter 11 |

## ORDER ON MOTION TO CONTINUE HEARING

The Court has before it the *Motion for Continuance* (ECF No. 190) (the "Motion for Continuance") filed by Hutchinson Holdings, LLC ("Hutchinson") on September 27, 2023 seeking to continue the hearing set by the *Order Continuing Hearing* entered on August 23, 2023 setting a hearing on October 5, 2023 after consultation with and at the request of Hutchinson. Despite this courtesy extended by the Court in its scheduling, the Motion for Continuance asserts that counsel now has a "scheduling conflict" without providing any further detail, including: (i) when such conflict arose; (ii) the nature of such conflict; (iii) whether both counsel or just one counsel has a conflict; (iv) whether the opposing party consents to or otherwise has a position on the request; and (v) whether any progress has been made towards resolution of the matter.

The Court has provided Hutchinson with significant patience in this matter, granting seven previous continuances, but such patience is limited. This is now the eighth motion to continue the

hearing[1] on Hutchinson's *Motion for Relief of Stay* (ECF No. 89) (the "Motion for Relief") filed on July 11, 2022. The above-captioned Debtor's plan of reorganization was confirmed by Order entered April 24, 2023. ECF No. 167. Counsel for Hutchinson has previously been admonished by the Court for the insufficient grounds for requesting a continuance of a hearing in this matter. The Court's Local Bankruptcy Rule 5071-1 provides, in part, "The Court will not grant a continuance other than for good cause shown and upon such terms as the Court may impose." The Court finds that as filed, the simple recitation of a "scheduling conflict," without more, not "good cause shown." The Court reminds counsel that a subsequently scheduled matter in another court is, in general, insufficient cause to continue a matter absent extraordinary circumstances.[2]

The Court finds the movant has not met his burden in the Motion for Continuance and, as such, it is hereby ORDERED that the Motion for Continuance (ECF No. 190) is DENIED, without prejudice.

[Signed and dated above.]

Copies to: Parties who receive electronic notice.

---

[1] See ECF Nos. 131, 158, 161, 169, 170, 175, 181, 190. Moreover, this hearing has been set and continued by docket event six additional times. See ECF Nos. 99, 104, 109, 122, 140, 156.

[2] This Court has broad discretion to grant or deny continuance requests. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."); *Johnson v. Dept. of Treas.*, 721 F.2d 361, 364 (Fed. Cir. 1983) (not abuse of discretion when a third continuance was denied after granting two previous continuances); *Fonseca-Martinez v. U.S. I.N.S.*, 942 F.2d 791 (9th Cir. 1991) (immigration judge did not abuse discretion in denying continuance after already granting five in seven months).